The defendants are the proprietors of a toll-bridge, called Clarendon Bridge, erected on the river Cape Fear at Fayetteville by an act of the Legislature passed in 1818. On the river south of the bridge there is a ferry, called Lord's Ferry, at which the public road from Wilmington meets the public road from Raleigh; between these roads runs a creek called Lord's Creek, which empties into the river at the ferry, and to pass from the Wilmington to the Raleigh road, above the point of junction at the ferry, it is necessary to cross Lord's Creek. The defendants, by permission of the proprietors of the soil, have erected a private road from the Wilmington road to Lord's Creek, and also a private road from *Page 102 
the foot of Clarendon Bridge to the Raleigh road; and have placed a bridge over Lord's Creek, so as to open a communication between the Wilmington and Raleigh roads above the ferry; and at the point at which the private road leaves the Wilmington road they have erected a signboard with the inscription, "The best way to Fayetteville." The road leading from Wilmington across the Raleigh road is much used, and those who come from Wilmington must travel this road and cross Lord's Creek if they enter Fayetteville by means of Clarendon Bridge,
The bridge erected by the defendants over the creek was out of repair when the bill was found. Verdict for defendant. State appealed.
[EDITORS' NOTE: THE MAP IS ELECTRONICALLY NON-TRANSFERRABLE.], SEE 10 N.C. 102.]
It is admitted that the road which led over the bridge (194) in question was not a public road; it had not been established by law. There was no contract between the defendant and the public in consequence of which the bridge was built; and the building of the bridge could not certainly create a contract by which the defendant was under any obligation to the public to keep it in repair. He put it there by the consent of the owner of the land, there was no obligation on him to do so, and his having done so creates no obligation on him to keep it up.
TAYLOR, C. J., and HENDERSON, J., concurred.
PER CURIAM. No error. *Page 103 
(196)